Citation Nr: 1452664 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 12-21 175 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for tinnitus.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel



INTRODUCTION

The Veteran served on active duty from July 2000 to January 2004.

This case comes before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri.

A notice of disagreement was received in June 2011, a statement of the case was issued in July 2012, and a substantive appeal was received in August 2012.

In November 2013, the Board remanded this case for additional development, and the case has been returned for further appellate review.

The case is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran has claimed entitlement to service connection for tinnitus, which he contends is due to his in-service noise exposure as a wheeled vehicle repairer. 

This case was previously remanded in November 2013 for the purpose of obtaining an opinion that adequately contemplates the Veteran's conceded in-service exposure to noise and his lay reports of in-service symptoms and reoccurring symptomatology. 

A remand by the Board confers upon a veteran, as a matter of law, the right to compliance with the remand instructions, and imposes upon the VA a concomitant duty to ensure compliance with the terms of the remand. See Stegall v. West, 11 Vet. App. 268, 271 (1998). 

The Board finds that the March 2014 opinion is incomplete in that it relies heavily on the Veteran's inability to relate the tinnitus to a specific traumatic event but does not discuss the Veteran's reports of having experienced tinnitus since 2004, following noise exposure from working around tank engines. The Board's November 2013 remand directive referenced "the lay evidence of the Veteran as to the onset and continuity of symptoms since service" and instructed that, "[i]f the examiner rejects the Veteran's [lay] reports, the examiner should provide a reason for doing so." The resulting examination report notes but does not specifically address the Veteran's lay reports. Therefore, a remand for a new opinion is necessary. 

Accordingly, the case is REMANDED for the following action:

1. Send the claims file to an appropriate VA examiner to provide an opinion on the question below. If the examiner finds that a new VA examination is necessary in order to answer the following question, the Veteran should be scheduled for a new VA examination. 

If a new examination is necessary, the claims folders must be thoroughly reviewed by the examiner in connection with the examination, and a complete history should be elicited directly from the Veteran. Any tests and studies deemed necessary by the examiner should be conducted. All findings should be reported in detail. 

The examiner is ask to provide an opinion that addresses the following question: Is it at least as likely as not (50 percent probability or more) that the current diagnosis of tinnitus, which the Veteran now has, can be attributed to the in-service noise exposure that the Veteran sustained from working around tank engines and as a wheeled vehicle repairer? (Note: the Veteran's accounts of loud noise exposure while performing his military duties as wheeled vehicle repairer, and that he first noticed the onset of tinnitus in 2004 following military noise exposure from working around tank engines, are conceded).

The reasons and bases for the opinion are to be fully explained with a complete discussion of the evidence of record and sound medical principles, including the use of any medical literature, which may reasonably explain the medical analysis in the study of this case.

2. After the development requested above has been completed, re-adjudicate the issue of entitlement to service connection for tinnitus. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto. Thereafter, the case should be returned to the Board, if otherwise in order. 

The Appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). The Board intimates no opinion as to the ultimate outcome of this case. The Appellant need take no action unless otherwise notified.


This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).